# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON SORIANO, | Case No. 1:15-cv-01271 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| DAVIES, et al., | |
| Defendants. | |

Plaintiff Leon M. Soriano ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 19, 2015. He names Corcoran State Prison ("CSP") Warden D. Davies, CSP Chief Deputy Warden T. Perez, IGI Lt. S. Pina, IGI Sgt. J.C. Garcia, IGI Officer S. Niehus, IGI Officer A. Encinas, P. Matthews and Mailroom Office Assistant J. Bryant as Defendants.[1]

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 17, 2015.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at CSP, where the events at issue occurred.

Plaintiff alleges that on April 2, 2013, Sgt. Arcante[2] was passing out the evening mail. He approached Plaintiff and attempted to give Plaintiff his legal mail, which was opened. Plaintiff brought the violation to the officer's attention, but he continued to pass out mail.

---

[2] Plaintiff's handwriting is somewhat difficult to read and the Court has made its best attempt to spell names correctly.

Plaintiff then called Officer Jeffries, who asked about the problem. Plaintiff explained the issue, and Officer Jeffries signed the envelope and acknowledged that his legal mail had been opened. Plaintiff also produced the letter stating that his attorney had sent case information, but the information was not in the envelope. Officer Jeffries acknowledged this, as well.

Plaintiff states that he tried to appeal the issue using the appeals process. However, his appeal was denied at all levels. Plaintiff contends that this is not the first time his legal mail has been tampered with at CSP.

Plaintiff seeks monetary relief.

### C.  DISCUSSION

1.  Linkage

As noted above, Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff does not link any of the named Defendants to any alleged constitutional violations. In fact, Plaintiff only includes Sgt. Jeffries and Officer Acante, who are not named as Defendants, in his recitation of facts.

Without including any of the named Defendants in the factual allegations, it is unclear how they were involved in the alleged deprivation of Plaintiff's rights. Plaintiff therefore fails to state a claim against any Defendant.

2.  Receiving Mail

At this point, Plaintiff has not linked any named Defendants with an alleged constitutional violation. The Court therefore provides the following standards to assist Plaintiff if he chooses to amend his complaint.

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is

reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

Prison officials may open and inspect, but not read, a prisoner's legal mail. Nordstrom v. Ryan, 762 F.3d 903 (9th Cir.2014). An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. Davis v. Goord, 320 F.3d 346, 351 (2d Cir.2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); Witherow v. Paff, 52 F.3d 264, 266 (9th Cir.1995) (per curiam) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest).

In addition to violating the First Amendment, the Sixth Amendment may be implicated if the legal correspondence relates to a criminal proceeding. It is clearly established that the Sixth Amendment right to counsel precludes prison officials from opening and reading both incoming and outgoing mail between an inmate and counsel. Nordstrom, 762 F.3d at 906.

The Court notes that Plaintiff has not alleged that any Defendant *read* his incoming legal mail.

**D.   CONCLUSION AND ORDER**

Plaintiff's complaint does not state any cognizable claims against any Defendant.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **December 9, 2015**              /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE

5