|   |   |
|---|---|
| LEON SORIANO, | Case No. 1:15-cv-01271 DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. |   |
| DAVIES, et al., | THIRTY-DAY DEADLINE |
| Defendants. |   |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Leon M. Soriano ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 19, 2015. Pursuant to Court order, he filed a First Amended Complaint on February 16, 2016. He names IGI Lt. S. Pina, IGI Sgt. J.C. Garcia, IGI Officer S. Niehus, and Mailroom Office Assistant J. Bryant as Defendants.[1]

**A.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 17, 2015.

1

1  § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
2  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .
3  fails to state a claim upon which relief may be granted." 28 U.S.C.
4  § 1915(e)(2)(B)(ii).

5      A complaint must contain "a short and plain statement of the claim showing that the pleader
6  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
8  do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*,
9  550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to
10 'state a claim that is plausible on its face.'" *Id*. (*quoting Twombly*, 550 U.S. at 555). While factual
11 allegations are accepted as true, legal conclusions are not. *Id.*

12     Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
13 federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092
14 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v.*
15 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or
16 omissions of each named defendant to a violation of his rights; there is no respondeat superior
17 liability under section 1983. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.,* 609 F.3d
18 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009);
19 *Jones*, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim
20 for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).
21 The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S.
22 at 678; *Moss*, 572 F.3d at 969.

23 **B.**    <u>**SUMMARY OF PLAINTIFF'S ALLEGATIONS**</u>

24     Plaintiff is currently incarcerated at Corcoran State Prison ("CSP"), where the events at issue
25 occurred.

26     Plaintiff alleges that on April 2, 2013, Sgt. Arcante was passing out the evening mail. He
27 attempted to give Plaintiff his legal mail, but Plaintiff believed that the mail had been opened outside
28 of his presence. Plaintiff noticed that the letter referred other material, but the material was missing.

Plaintiff asked why his legal mail was opened, and asked Sgt. Arcante to sign the envelope in recognition that it had been opened and that material was missing. Sgt. Arcante refused.

Officer Jeffries then walked over to the cell and signed the envelope. Plaintiff showed Officer Jeffries the letter, and she said to write an appeal against IGI. Officer Jeffries explained that all validated prisoners' mail and legal mail "is to go straight to their office (IGI) per IGI Captain Witford memorandum." ECF No. 11, at 7.

Plaintiff then began the appeal process. He filed an appeal against Defendant Niehus, whom Plaintiff believes received, opened and confiscated Plaintiff's legal mail. Defendant Niehus claimed that he did not receive or open Plaintiff's legal mail. At the time, Defendant Niehus was in charge of mail for all "BGF" prisoners. Defendant Niehus told Plaintiff to file an appeal to the institutional mail room.

Plaintiff filed a request for interview with the Central Control Office Assistant, Defendant Bryant. Defendant Bryant told Plaintiff to send an appeal to IGI because there was a memorandum stating that all validated prisoners' mail would be sent to the IGI office.

Plaintiff sent an appeal to IGI again. Defendant Niehus denied the appeal at the First Level, and Defendants Garcia and Pina denied the appeal at the Second Level, stating that IGI did not remove Plaintiff's legal materials. Plaintiff states that he was unable to get a response from Defendant Bryant or the mail room.

Plaintiff contends that he continued to try and get a response, and during this time, other legal mail and material went missing.

Plaintiff alleges that Defendant Garcia instructed all IGI officers, including Defendant Niehus, to view all legal mail. Defendant Pina is responsible for implementing this policy. Plaintiff contends that Defendant Bryant forwarded legal mail to IGI, rather than sending legal mail by security escort personnel, in violation of legal mail procedures.

Based on these allegations, Plaintiff contends that Defendants violated the First Amendment by confiscating his legal mail. He requests monetary damages.

///

///

**C.     DISCUSSION**

     1.     Legal Standard

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the reasonableness standard set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." *Turner*, 482 U.S. at 89-90.

Prison officials may open and inspect, but not read, a prisoner's legal mail. *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir.2014). An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir.2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir.1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); *Witherow*, 52 F.3d at 266 (First Amendment not violated where prison's mail regulation related to a legitimate penological interest).

     2.     Analysis

Plaintiff fails to state a claim for numerous reasons.

First, he has not sufficiently linked any Defendant to an alleged constitutional violation. As explained above, the mere possibility of misconduct falls short of meeting the pleading standard, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. While he alleges that Defendants were involved in some way in the confiscation of his mail, he does not present any factual allegations to demonstrate that Defendants were actually linked to the deprivation.

///

For example, Plaintiff alleges that Defendant Niehus received, reviewed and confiscated his mail, but he does present facts to raise his allegations beyond the speculative level.  Alleging that Defendant Niehus is in charge of all "BGF" prisoners is not sufficient.  Plaintiff's allegation that Defendant Niehus denied opening Plaintiff's mail is also insufficient, and instead supports the Court's determination that Plaintiff has not adequately linked Defendant Niehus to an alleged violation.

Plaintiff also contends that Defendant Pina implemented a policy requiring the mail of all validated prisoners to go to IGI, but he does not explain how or why he knows this.  In fact, elsewhere in his allegations he states that the policy was implemented through a memorandum authored by IGI Captain Witford.  Alleging that Defendant Pina is directly involved in all IGI operations is insufficient to link him to an alleged violation.

Similarly, Plaintiff alleges that Defendant Garcia instructed all IGI officers, including Defendant Niehus, to view all legal mail.  He again fails to present facts to raise this allegation beyond the speculative level.

As to Defendant Bryant, Plaintiff contends that he forwarded all mail to IGI, in violation of prison regulations, but he does not present facts to support this assertion.  He contends that Defendant Bryant is "directly involved" in all mail operations, but a general involvement does not meet the pleading requirements.  ECF No. 11, at 4.

Turning to the merits of Plaintiff's claim, Plaintiff contends that he was told that that the legal mail of validated inmates was to be routed through IGI.  He therefore surmises that the missing mail from April 2, 2013, was a result of this policy.   However, although he alleges that the policy violates prison regulations, he does not allege that there was no valid, rational connection between the regulation and a legitimate government interest.  *Turner*, 482 U.S. at 89-90.  Indeed, prison officials are permitted to open and inspect mail, and the interest in inspecting mail of validated gang members is likely high in a prison setting.

Moreover, as the Court noted in the prior screening order, Plaintiff did not allege that any Defendant *read* his incoming legal mail.  The Court also explained that isolated incidents of mail tampering are generally not sufficient to state a constitutional claim.  Plaintiff's allegations relate to

5

one mail delivery on April 2, 2013. Although he alleges that mail continued to disappear while he went through the appeal process, he does not link any named Defendant to the alleged continual confiscation.

Finally, the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Thus, to the extent that Plaintiff seeks to impose liability upon Defendants for denying, or failing to respond to, his appeals, he cannot do so.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.

That circumstance has not been presented here. According to Plaintiff's allegations, Defendant Niehus denied confiscating Plaintiff's mail, and Defendants Pina and Garcia agreed at the Second Level. There is no indication that any Defendant knew of, and failed to prevent, a constitutional violation.

### D. CONCLUSION AND ORDER

Plaintiff's complaint does not state any cognizable claims against any Defendant. The Court will afford Plaintiff **one final** opportunity to amend, if he believes, in good faith, he can cure the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere

theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **May 4, 2016**                    /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE