# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON M. SORIANO,<br><br>              Plaintiff,<br><br>    v.<br><br>DAVIES, et al.,<br><br>              Defendants. | 1:15-cv-01271-GSA-PC<br><br>**ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 15.)**<br><br>**ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)**<br><br>**ORDER FOR CLERK TO CLOSE CASE** |

## I.     BACKGROUND

Leon M. Soriano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 19, 2015. (ECF No. 1.)

On September 17, 2015, Plaintiff consented to magistrate judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a district judge is required. Local Rule Appendix A(k)(3).

On December 9, 2015, the court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 7.) On February 16, 2016, Plaintiff filed the First Amended Complaint. (ECF No. 11.) On May 4, 2016, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 12.) On June 20, 2016, Plaintiff

filed the Second Amended Complaint, which is now before the court for screening. (ECF No. 15.)

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   ALLEGATIONS IN SECOND AMENDED COMPLAINT

Plaintiff is incarcerated at Corcoran State Prison (CSP) in Corcoran, California, where the events at issue in the Second Amended Complaint allegedly occurred. Plaintiff names as defendants Davies, S. Pina (IGI Lieutenant), J.C. Garcia (IGI Sergeant), S. Niehus (IGI

Correctional Officer (C/O)), A. Encinas (IGI C/O), and J. Bryant (Office Assistant, CSP Mailroom) (collectively, "Defendants").

Plaintiff's allegations follow. Plaintiff alleges that on April 2, 2013, Third Watch C/O Arcante attempted to give Plaintiff opened legal mail. Legal mail is to be inspected in front of prisoners per prison policy and federal statutes. Plaintiff told C/O Arcante, who was the officer passing out mail, that the contents inside the legal mail were missing from the envelope. Plaintiff asked Sgt. Arcante to sign the envelope, stating that it had been opened without Plaintiff allowed to be present. Sgt. Arcante refused to sign it stating he did not want to. He told Plaintiff to 602 (appeal) to IGI.

Plaintiff saw C/O Jeffries who came to Plaintiff's cell and asked what the trouble was. Plaintiff explained the incident with Sgt. Arcante. C/O Jeffries inspected the mail and recognized that material was missing and that the introduction page stated that legal material was forwarded to Plaintiff. C/O Jeffries signed the envelope, stating it was open when Plaintiff received it. C/O Jeffries told Plaintiff to write an appeal against the IGI. Officer and the mail room. Plaintiff asked who to appeal in the mail room, and C/O Jeffers said J. Bryant, office assistant in the CSP mail room.

Plaintiff began the appeal process. He filed an appeal against IGI Officers Niehus and Encinas. Officer Niehus denied the appeal at the first level of review. During Plaintiff's interview, Plaintiff produced the letter stating there was material enclosed. Note: CSP IGI requested that all validated prisoners' mail be sent to the IGI office. Plaintiff was a validated prison gang member of the BFG, and all of Plaintiff's mail was sent to IGI Officers Niehus and Encinas who were the IGI officers assigned to the BFG gang. They were responsible for inspecting Plaintiff's mail. Thus, IGI Officers were responsible for all missing mail.

Plaintiff was then interviewed by Officer Garcia who directed all IGI officers to receive all mail, regular and legal. After reviewing Plaintiff's 602 appeal, Officer Garcia denied the appeal claiming they did not receive my legal mail, although he was the one who distributed the memo stating that all mail should be transferred to the IGI Office. Plaintiff presented his

///

exhibit showing that his legal contents were missing. Officer Garcia continued to deny any involvement.

IGI Lieutenant S. Pina signed off on his officers' actions knowing that Plaintiff's legal mail was confiscated by them and the illegal actions that were taken.

Mailroom Office Assistant J. Bryant took action by sending legal mail to the IGI, knowing that CDCR policy states that all legal mail is to be opened while prisoners are present.

Plaintiff requests monetary damages.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the

meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

      A.      **Legal Standards**

            1.      **First Amendment Rights to Mail**

Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Prison regulations relating to the regulation of incoming mail are analyzed under the reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987).  Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is reasonably related to legitimate penological interests.  Turner, 482 U.S. at 89.  In determining the reasonableness of the regulation, the court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives."  Turner, 482 U.S. at 89-90.

Prison officials may open and inspect, but not read, a prisoner's legal mail.  Nordstrom v. Ryan, 762 F.3d 903 (9th Cir. 2014).  An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation.  Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights);

Witherow, 52 F.3d at 266 (First Amendment not violated where prison's mail regulation related to a legitimate penological interest).

### 2. Prison Appeals Process

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

### B. Discussion

The court has reviewed the Second Amended Complaint and finds that Plaintiff has not cured any of the deficiencies found by the court in the First Amended Complaint. The Second Amended Complaint fails to state a claim upon which relief may be granted, and it shall therefore be dismissed.

///

As for defendant Davies, Plaintiff makes no allegations whatsoever in the Second Amended Complaint against Davies. Therefore, Plaintiff fails to state any claims against defendant Davies.

Plaintiff alleges that defendant Pina signed off on his officers' actions knowing they were illegal. Pina holds a supervisory position and is not liable for his officers' actions under the doctrine of *respondeat superior*. Plaintiff's conclusory allegation that Pina signed off while knowing that his officers' actions were illegal is not sufficient to state a claim. Plaintiff has not shown that Pina knew, or reasonably should know, that his conduct would cause others to inflict constitutional harms. Therefore, Plaintiff fails to state a claim against defendant Pina.

Plaintiff has not linked defendant Garcia with any conduct that resulted in the violation of Plaintiff's rights. Plaintiff alleges that Garcia directed IGI officers to have all mail sent to them. This allegation shows no improper conduct. Plaintiff also alleges that defendant Garcia interviewed Plaintiff concerning Plaintiff's appeal and denied the appeal. As Plaintiff was advised in the court's prior screening orders, Plaintiff does not have a protected liberty interest in the appeals process and may not impose liability upon Defendants for denying, or failing to respond to, his appeals. Therefore, Plaintiff fails to state any claims against defendant Garcia.

Plaintiff merely alleges that defendants Niehus and Encinas had Plaintiff's mail sent to them, and that defendant Encinas denied the appeal that Plaintiff filed against defendants Niehus and Encinas. These allegations do not state a claim against defendant Niehus or defendant Encinas. As for defendant Bryant, Plaintiff only alleges that Bryant, a mailroom employee, sent legal mail to IGI. This allegation is not sufficient to state any claims against defendant Bryant under § 1983.

Moreover, as the court noted in its prior screening order, Plaintiff did not allege that any defendant *read* his incoming legal mail. The Court also explained that isolated incidents of mail tampering are generally not sufficient to state a constitutional claim. Plaintiff's allegations relate to one mail delivery on April 2, 2013. Although he alleges that mail continued to disappear while he went through the appeal process, he does not link any named Defendant to the alleged continual confiscation.

**V.     CONCLUSION AND ORDER**

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." However, for the reasons discussed above, it does not appear that additional facts would cure the deficiencies in Plaintiff's claims. The court provided Plaintiff with ample guidance for curing the deficiencies in his complaints, and Plaintiff has now filed three complaints without stating any claims upon which relief may be granted. Therefore, this case shall be dismissed, with prejudice, for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. This case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 15, 2017**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE